IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CATHERINE CONRAD,

                                                                    OPINION AND ORDER

                Plaintiff,

                                                                     11-cv-570-bbc

    v.

ELIZABETH T. RUSSELL,
LAW OFFICE OF ELIZABETH T. RUSSELL, LLC and
WISCONSIN LAWYERS MUTUAL INSURANCE COMPANY,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil action brought under the Lanham Act, 15 U.S.C. § 1125, plaintiff Catherine Conrad contends that defendants Elizabeth T. Russell and the Law Office of Elizabeth T. Russell, LLC, have engaged in false advertising relating to the legal services they provide. Because plaintiff is proceeding under 28 U.S.C. § 1915, I must screen her complaint to determine whether it states a claim upon which relief may be granted. Having reviewed the complaint, I conclude that it must be dismissed for plaintiff's failure to state a claim upon which relief may be granted.

      Under 15 U.S.C. § 1125(a)(1)(B), it is unlawful to make a "false representation of fact . . . in commercial advertising or promotion, [which] misrepresents the nature,

1

characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities." Plaintiff has made a broad allegation that defendants violated this statute but she has not identifed any facts that defendants misrepresented. The gist of plaintiff's claim seems to be that defendants made misrepresentations about the quality of their work, but even if I assume that defendants provided plaintiff poor legal services, many of the statements that plaintiff quotes are not related to quality.

For example, one alleged statement on defendants' website is that they "specializ[e]" in certain areas of law such as copyright and trademark, but that statement does not promise a particular result or even a particular level of quality. Plaintiff comes a little closer to the mark with statements by defendants that they "provide thoughtful, thorough counsel in copyright, trademark and digital business law," "tak[e] the time for client education" and are "dedicated to efficiency." However, courts have held consistently that general statements about quality are not "facts" for the purpose of a claim of false advertising, but are more appropriately classified as opinion or "puffery," neither of which provides a basis for a claim. United Industries Corp. v. Clorox Co., 140 F.3d 1175, 1180 (7th Cir. 1998) ("Puffery is exaggerated advertising, blustering, and boasting upon which no reasonable buyer would rely and is not actionable under § 43(a). . . Nonactionable puffery includes representations of product superiority that are vague or highly subjective."); Haynes v. Alfred A. Knopf, Inc., 8 F.3d 1222, 1227 (7th Cir. 1993) ("[I]f it is plain that the speaker is expressing a subjective

view, an interpretation, a theory, conjecture, or surmise, rather than claiming to be in possession of objectively verifiable facts, the statement is not actionable."); Brignoli v. Balch Hardy and Scheinman, Inc., 645 F. Supp. 1201, 1209 (S.D.N.Y. 1986) ("A claim in general terms of superiority of one's product over that of a competitor is mere 'puffing' and is not actionable."). Even plaintiff admits in her complaint that defendants' website is "vague," which undermines her claim that defendants made particular, deceptive misrepresentations.

Other portions of the complaint focus on information plaintiff believes that defendants *should have* given her. For example, plaintiff alleges that defendants never informed her about her right of publicity and failed to list the courts to which they are admitted, but she does not explain how these omissions were misleading. To the extent plaintiff believes that defendants breached their contract or committed legal malpractice for failing to give appropriate advice, these are state law claims. As I explained to plaintiff in another recent case, Conrad v. Bell, Moore & Richter, S.C., No. 11-cv-539-bbc (W.D. Wis. Aug. 30, 2011), I do not have jurisdiction to consider such claims unless plaintiff includes allegations showing that she is a citizen of a state different from the states in which each of the defendants is a citizen, 28 U.S.C. § 1332, which she has not done in this case.

Even if I assume that plaintiff alleged at least one misrepresentation of fact, her claims fail for another reason. As I explained to plaintiff in Conrad v. Madison Festivals, Inc., No. 09-cv-499-bbc (W.D. Wis. Sept. 15, 2009), and Conrad v. Westport Marine, Inc., No. 09-

3

cv-49-bbc (W.D. Wis. Feb. 20, 2009), in this circuit, a party cannot bring a claim for false advertising under the Lanham Act unless she has "a discernible competitive injury." L.S. Heath & Son, Inc. v. AT&T Information Systems, Inc., 9 F.3d 561, 575 (7th Cir. 1993). In other words, plaintiff must be a competitor of defendant. Id. See also Schering-Plough Healthcare Products, Inc. v. Schwarz Pharma, Inc., 586 F.3d 500, 512 (7th Cir. 2009) ("The purpose of the false advertising provisions of the Lanham Act is to protect sellers from having their customers lured away from them by deceptive ads (or labels, or other promotional materials)."). In this case, plaintiff was a customer of defendants, not a competitor, so she has no claim under the Lanham Act.

ORDER

IT IS ORDERED that plaintiff Catherine Conrad's complaint is DISMISSED for her failure to state a claim upon which relief may be granted. The clerk of court is directed to enter judgment in favor of defendants Elizabeth T. Russell, the Law Office of Elizabeth T.

Russell, LLC and Wisconsin Lawyers Mutual Insurance Company and close this case.

Entered this 1st day of September, 2011.

                                            BY THE COURT:
                                            /s/
                                            BARBARA B. CRABB
                                            District Judge